IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| ADEL RAZAQ JABER, | ) | |
| | ) | Case No: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| RUTH A. DOROCHOFF, in her official capacity as District Director of United States Citizenship and Immigration Services, | ) ) ) ) ) | Magistrate Judge: |
| | ) | |
| Defendant. | ) | |

**FILED**
**FEBRUARY 11, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**
**08 C 874**

**JUDGE KOCORAS**
**MAGISTRATE JUDGE VALDEZ**

## COMPLAINT FOR WRIT OF MANDAMUS

Plaintiff, ADEL RAZAQ JABER ("Plaintiff"), by and through his attorneys, the Law Office of Kameli & Associates, P.C., respectfully requests an order directing Defendant, Ruth A. Dorochoff ("Defendant"), to adjudicate Plaintiff's application for naturalization, Form N-400 ("Application"). In support of said request, Plaintiff states as follows:

### JURISDICTION AND VENUE

1.      This is a civil action brought pursuant to 28 U.S.C. § 1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, and to compel Defendant, an officer of United States to perform her duties owed to Plaintiff. Jurisdiction is proper pursuant to 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Since this Court is a district court, and the action arises under 28 U.S.C. § 1361, a law of the United States, this Court is conferred jurisdiction of this civil action. Additionally, the Administrative Procedure Act permits judicial review of agency action "unlawfully withheld or

1

unreasonably delayed." 5 U.S.C. § 706(1); 5 U.S.C. § 701 *et seq*. Finally, jurisdiction is conferred upon this Court under 8 U.S.C. § 1447(b).

2. Venue is proper under 28 U.S.C. § 1391(b), since Defendant is the District Director of the United States Citizenship and Immigration Services (hereinafter "USCIS"), a section of the Department of Homeland Security (hereinafter "DHS"), and an agency of the United States Government, located at 101 West Congress Expressway, Chicago, Illinois 60605. The USCIS office in Chicago, Illinois is the location where Plaintiff filed his naturalization application and/or participated in a naturalization interview.

## PARTIES

3. Plaintiff is a native and citizen of Iraq currently residing at 10111 Old Orchard, Apt. 1D, Skokie, Illinois 60076. Plaintiff's alien number is A 78-803-575.

4. Defendant is the Chicago District Director of USCIS, an agency of the United States Department of Homeland Security. As such, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS in the Chicago District.

## FACTS

5. Plaintiff is a Legal Permanent Resident ("LPR") of the United States and a citizen of Iraq. He obtained LPR status on January 23, 2001.

6. On or about January 9, 2006, Plaintiff filed his Application to become a United States naturalized citizen. *See Exhibit A, Filing Notice*.

7. Subsequently, USCIS sent Plaintiff a Fingerprint Notification on Form I-797, indicating that Plaintiff was to provide his fingerprints at a USCIS Application Support Center. Plaintiff complied with this request.

8. On June 19, 2006, Plaintiff attended a naturalization interview in furtherance of his Application. USCIS officer O'Reilly interviewed Plaintiff. At that time, Plaintiff passed the required English and U.S. History and Government tests. However, Officer O'Reilly advised Plaintiff that a decision could not yet be made on his Application. *See Exhibit B, Naturalization Interview Results*.

9. It is Plaintiff's belief that his naturalization case has been delayed because of an unreasonably prolonged background check, which stems from the fact that he is an Iraqi citizen.

10. Plaintiff's background check has not cleared despite the fact that he worked for the U.S. Armed Forces in Iraq as a linguist and has received several background clearances from the U.S. Department of Defense.

11. Additionally, Plaintiff was an employee of Titan Corporation and considered a Contingency Contractor with the U.S. Army Intelligence and Security Command ISO Operations ENDURING and IRAQI FREEDOM from March 10, 2005 to March 9, 2007. As such, Plaintiff had clearance to travel via United States military airlift to Guantanamo Bay, Cuba, Afghanistan, Iraq, Pakistan, and other countries in the ENDURING FREEDOM Theater of Operations on behalf of the United States Government. Plaintiff was considered deployed. His rank authorized him to receive United States government meals, lodging, and logistic support items, including the utilization of military fatigues, military banking facilities, customs exemption, and a personal weapon. *See Exhibit C, Letter of Identification and Authorizations ("LOIA")*.

12. Plaintiff completed 18 months of faithful and dedicated service to the United States Government in support of Operation Iraqi Freedom. *See Exhibit D*.

13. Plaintiff served alongside United States Marine Corp personnel during operations in and around Fallujah, Iraq. He assisted on countless screenings of insurgent detainees,

accompanied Marines on combat patrols, and frequently worked more than 12 hours a day, 7 days a week in faithful and dedicated service to the U.S. Armed Forces.

14. As a result of his dedication and devotion to the United States government, Plaintiff received high recommendations for American citizenship from Sergeant Matthew D. Brown, USMC; Detachment Commander Michael G. Reber, CPT, SF, Special Forces Group (Airborne); Operations Sergeant Kris A. Anderson, MSG 18Z, Combined Joint Special Operations Task Force; First Lieutenant Nathan R. Schmidt, Officer-in-Charge; and Lieutenant Colonel A.R. Kennedy, USMC Commanding Officer. *See Exhibit E, pp. 1-6*.

15. In 1995, the FBI converted its extensive records into one computerized Automated Case Support System ("ACS"), including indices of 98.4 million records that can be searched by proper name. 68% of name-checks return a "No Record" response by electronically searching these indices, and therefore can be concluded less than 72 hours after they begin. Another 22%, for reasons not explained by the government, require an additional check that may take 30-60 days to return a "No Record" response. The remaining 10% of checks are "Idents," meaning that they return an indication that the FBI has a record on the individual that must be retrieved from paper files and further reviewed. See, Tang and Luo v. Chertoff, 493 F. Supp. 2d 148, 156-57 (Mass. 2007).

16. Defendant's website indicates that N-400 applications filed on June 19, 2007 have been completed. As noted above, Plaintiff filed his Application in June, 2006, which indicates that his processing date is long overdue. A copy of this web page is attached hereto as *Exhibit F*.

## CLAIMS FOR RELIEF

17. It is upon Plaintiff's information and belief that his Application remains un-adjudicated, because to date he has not received a decision on his Application. To date, nearly

4

two years and one month have passed since the filing of his application and nearly one year and nine months have passed since his examination in furtherance of his Application.

    18.    8 U.S.C. § 1447(b) provides:

> If there is a failure to make a determination under section 335 [8 USCS § 1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Here, Defendant has far exceeded the 120-day period in which a determination on a naturalization application must be rendered.

    19.    Similarly, 8 C.F.R. § 335.3(a) provides:

> The Service officer shall grant the application if the applicant has complied with all requirements for naturalization under this chapter. A decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization under § 335.2. The applicant shall be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter.

8 C.F.R. § 335.3(a). Here, again Defendant has far exceeded the 120-day period in which a determination on a naturalization application must be rendered. Moreover, Plaintiff "has complied with all requirements for naturalization" as required under 8 C.F.R. § 335.3(a). He has also provided recommendations for American citizenship from high-ranking officers in the U.S. Armed Forces.

    20.    8 C.F.R. § 310.5 provides:

> An applicant for naturalization may seek judicial review of a pending application for naturalization in those instances where the Service fails to make a determination under section 335 of the Act within 120 days after an examination is conducted under part 335 of this chapter. An applicant shall make a proper application for relief to the United States District Court having jurisdiction over

5

the district in which the applicant resides. The court may either determine the issues brought before it on their merits, or remand the matter to the Service with appropriate instructions.

8 C.F.R. § 310.5(a). Again, Defendant has exceeded the statutory time limit provided for adjudication of Plaintiff's Application.

21. The Defendant, in violation of the Administrative Procedure Act, is unlawfully withholding or unreasonably delaying a decision on Plaintiff's Application, and has not completed the adjudicative functions delegated to her by the laws of the United States.

22. Defendant has not taken steps towards the adjudication of Plaintiff's Application since Plaintiff's June 19, 2006 naturalization interview. Thus, Defendant stands in violation of 8 U.S.C. § 1447(b), 8 C.F.R. § 335.3(a), and 8 C.F.R. § 310.5. Specifically, Defendant has not fulfilled her duty to adjudicate the Application within the required 120 day period.

23. It is unreasonable that USCIS should delay Plaintiff's Application for over two years, because he has received numerous high-level security clearances in the past as a result of his service to the U.S. Armed Forces as a linguist during Operation Iraqi Freedom, he has recommendations from high ranking U.S. Armed Forces personnel attesting to his loyalty to the United State government, 90% of FBI background checks can be completed in less than 60 days, and Defendant's website indicates that Applications with a priority date of June, 2007 have been completed.

24. Plaintiff has exhausted any administrative remedies that may exist by his continued diligence in prosecuting his Application.

WHEREFORE, and because of the foregoing, Plaintiff ADEL RAZAQ JABER, prays that this Honorable Court:

    A.    Compel Defendant, and those acting under her, to perform her duty to adjudicate Plaintiff's Application for Naturalization and to schedule Plaintiff for an Oath Ceremony;

    B.    Grant Plaintiff's attorney's fees and costs of court incurred herein; and

    C.    Grant such other and further relief this Court deems proper under the circumstances.

Respectfully submitted,

_____
Taher Kameli
One of Plaintiff's Attorneys

The Law Offices of Kameli & Associates, P.C.
111 E. Wacker Drive, Suite 555
Chicago, Illinois 60601
Tel.    (312) 233-1000
Fax    (312) 233-1007

Dated:  February 8, 2008